ANDY'S GLASS SHOPS, INC., APPELLEE, *v.* LEELANAU REALTY, APPELLANT.

[Cite as Andy's Glass Shops v. Leelanau Realty (1977), 50 Ohio App. 2d 355.]

(No. C-75742—Decided February 9, 1977.)

*Messrs. Jacobs, Kleinman, Martin & Seibel* and *Mr. John William McNally,* for appellee.

*Mr. Michael D. Eagen,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; the assignment of error; and the briefs and arguments of counsel.

Defendant-appellant, the owner of certain real property in Cincinnati, Ohio, leased the property to one Wesley Goetz, who, under the terms of the lease agreement, agreed to replace all windows which were broken or otherwise damaged during the term of the lease. Several months thereafter, plaintiff-appellee was called to replace a large broken window which had been intact at the commencement of the lease term. Goetz vacated the premises one month later without paying for the repairs performed by the appellee, who subsequently brought this action to recover such payment from the appellant, alleging the latter's unjust enrichment by the appellee's installation of the new window. Both

parties filed motions for summary judgment with the trial court, which granted the appellee's motion and entered judgment thereon in its favor. This appeal was timely brought, presenting a single assignment of error for review.

Appellant essentially challenges the applicability of the doctrine of unjust enrichment to the instant case, arguing that where, as here, a property owner resumes possession of property which is in the same condition as when such possession was relinquished, no appreciable and, hence, compensable benefit has been conferred upon the property or its owner. We disagree. Appellee's replacement of the broken window permitted the appellant to later assume possession of a building which was secure and habitable, and which, in the absence of such repairs, would have remained neither.

In addition, we find appellant's suggestion that it enjoys the superior equity in the instant case to be without merit. The appellee did not intervene officiously in appellant's management of its property, but rather performed the subject repairs at the behest of a caller whose identity was not disclosed in the proceedings below. Moreover, the appellee, if not permitted to recover the claimed amount, will have lost the value of the labor and materials which it invested in the subject repairs. The appellant, on the other hand, seeks to avoid payment for services which preserved the value of its property and which the appellant ultimately may have been required to perform upon its subsequent repossession of the property.

Thus, we think it readily apparent that the appellee has conferred an appreciable benefit upon the appellant which the latter may not justly be permitted to retain without payment therefor, and accordingly overrule appellant's assignment of error.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.