[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant cross-appellee Madison Tree Service, Inc., ("Madison") filed a complaint against defendant-appellee cross-appellant J P Real Estate Holdings, Inc., ("J P") to recover for landscaping work performed at rental property owned by J P. Madison asserted claims for breach of contract and unjust enrichment. The trial court concluded that no contract existed for the landscaping services. And although the court found that J P had been unjustly enriched as a result of the landscaping work performed by Madison, it refused to award damages because Madison had not produced evidence of "any increase in market value" of J P's real estate. Therefore, the trial court entered judgment in favor of J P.
Madison has appealed, raising two assignments of error for our review, and J P has filed a cross-appeal raising one assignment of error.
Madison's second assignment of error is overruled because the record supports the trial court's determination that J P's employee did not have actual or implied authority to enter into a contact with Madison for the landscaping work.
J P's assignment of error is overruled because the record supports the trial court's determination that J P was unjustly enriched as a result of the landscaping goods and services provided by Madison.
Madison's first assignment of error, which alleges that the trial court erred in failing to award damages to Madison, is sustained. It is undisputed that Madison provided landscaping goods and services for property owned by J P. The record supports the trial court's determination that J P was unjustly enriched at the expense of Madison.
Madison was not required to establish the fair market value of the property before and after the landscaping work was completed in order to recover for unjust enrichment. See Andy's Glass Shops, Inc. v. LeelanauRealty (1977), 50 Ohio App.2d 355, 363 N.E.2d 601; Wilkin v. Fyffe
(Sept. 13, 1996), 2nd Dist. No. 96-CA-03. Madison was entitled to recover for the reasonable value of its labor and materials for the landscaping work. See id; Schaste Metals, Inc. v. Tech Heating Air Conditioning,Inc. (Aug. 7, 1997), 8th Dist. No. 71589; Plageman v. BenchmarkTechnologies Corp. (Aug 23, 1991), 6th Dist. No. L-90-283; Reed v.Reidmiller (Apr. 14, 1982), 1st Dist. No. C-810551.
Madison's president testified about the cost of the labor and materials provided for the benefit of J P. Madison's evidence as to the value of the landscaping work was undisputed. J P's resident manager and property manager both stated that the property looked good and that J P had benefited from the landscaping work.
Madison's evidence was substantial, competent, credible, and undisputed: the value of the work performed was $4482.91. We hold that the trial court erred in failing to award judgment in favor of Madison in the amount of $4482.91.
Therefore, the judgment of the trial court is affirmed as to its findings that no contract existed for the landscaping work, but that J 
P had been unjustly enriched by Madison's completion of the work. The judgment entered in favor of J P, which fails to award damages to Madison, is reversed, and judgment is hereby entered in favor of Madison Tree Service, Inc., in the amount of $4482.91.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.